IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDY A. MUHL, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-4564-N |
| | § | |
| PNC MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

### **ORDER**

This Order addresses Plaintiffs Lindy A. Muhl and Andrew H. Muhl's (collectively, the "Muhls") motion to remand [Doc. 5] and Defendant PNC Mortage's ("PNC") motion to dismiss [12]. For the following reasons, the Court denies the Muhls' motion to remand and grants PNC's motion to dismiss.

### I. THE MORTGAGE DISPUTE

This case involves a dispute over a mortgage on a property in Forney, Texas. The Muhls purchased the property in September 2007. In connection with the purchase, the Muhls obtained a loan from National City Mortgage. The loan was secured by a deed of trust granting National City Mortgage a security interest in the property. PNC is the successor-in-interest of National City Mortgage. After the Muhls apparently defaulted, they attempted to negotiate a loan modification with PNC. PNC commenced foreclosure proceedings in September 2010.

In July 2012, in an earlier lawsuit, the Muhls sued PNC in state court, alleging a violation of the Texas Deceptive Trade Practices Act. On August 24, 2012, PNC removed the case to this Court. PNC then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Muhls failed to respond to the motion to dismiss. On July 29, 2013, the Court dismissed the Muhls' claims in the earlier lawsuit with prejudice.

After the dismissal, PNC again commenced foreclosure proceedings. In November 2013, the Muhls again sued PNC in state court, requesting a temporary restraining order barring foreclosure. PNC again removed the instant action to federal court. The Muhls now move to remand the case to state court, and PNC moves to dismiss the Muhls' claims.

## II. THE COURT DENIES THE MUHLS' MOTION TO REMAND

The Muhls assert three arguments in support of their motion to remand. First, the Muhls argue that there is no federal jurisdiction because the lawsuit does not involve a federal question. Second, the Muhls argue that PNC fails to allege its citizenship and the citizenship of the Muhls and thus cannot support diversity jurisdiction. Finally, the Muhls argue that a forum selection clause in its contract with PNC requires that the case be heard in Texas state court. The Court rejects each of these arguments.

### *A. Standard for Remand*

A defendant may remove a state court action to federal court only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). A federal court has subject matter

jurisdiction over primarily two types of cases: (1) those "arising under the Constitution, laws, or treaties of the United States" ("federal question" jurisdiction) and (2) those in which the parties are residents of different states and the amount in controversy exceeds $75,000 ("diversity" jurisdiction). 28 U.S.C. § 1331. "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### B. The Muhls' Arguments Lack Merit

***1. The Basis for Removal is Diversity, Not Federal Question.*** – The basis for the Court's jurisdiction over this matter is diversity jurisdiction, not federal question jurisdiction. *See* Notice of Removal [1] ¶ 5. District courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In its notice of removal, PNC alleges that the Muhls are citizens of Kaufman County, Texas, and that PNC is a citizen of Pennsylvania. *See* Notice of Removal ¶ 7. PNC further alleges that the amount in controversy exceeds $75,000. *Id.* ¶ 8. The Court finds that PNC offers sufficient facts to support federal jurisdiction under section 1332. PNC does not need to show that there is a federal question to establish subject matter jurisdiction in this case.

***2. PNC Properly Alleges Citizenship.*** – Next, the Muhls argue that PNC's notice of removal is flawed because (1) PNC alleges only the Muhls' residence and not their citizenship and (2) PNC fails to state its citizenship according to the "nerve center" test. *See* Pls.' Mot. Remand 3–4. Contrary to the Muhls' assertions, however, the notice of removal specifically states that the Muhls "are *citizens* of Kaufman County, Texas." Notice of Removal ¶ 7 (emphasis added). Further, the Muhls do not contest PNC's jurisdictional allegations. PNC's notice of removal states that PNC "is a citizen of the Commonwealth of Pennsylvania" and that its parent company, "PNC Bank, N.A., is a federally chartered banking association with its home office in Delaware and its principal place of business in Pennsylvania." *Id.* In their motion to remand, the Muhls observe that "[b]ased on [*Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)] and PNC's own publicly available information, PNC is a citizen of Pennsylvania." Pls.' Mot. Remand 4. Thus, while the Muhls argue that *Hertz*'s "nerve center" test applies, they agree that PNC's "nerve center" is in Pennsylvania. The Court concludes that PNC's notice of removal is not defective with respect to its jurisdictional allegations.

***3. The Deed of Trust Does Not Require Remand to State Court.*** – The Muhls cite Paragraph I of the Deed of Trust to support its contention that Texas is the proper forum for this suit. The relevant provision states:

> "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that the effect of law) as well as all applicable final, non-appealable judicial opinions."

*See* Pls.' Mot. Remand 2–3 (quoting *id.*, Ex. A). According to the Muhls, this provision requires that state claims be litigated in state court, and PNC, by signing the agreement, waived its right to remove claims to federal court. *Id.*

The referenced section is not a forum selection clause, however. The section does not mandate that disputes arising from the Deed be litigated in any particular forum. To the contrary, it defines "applicable law" to include *all* relevant federal, state, and local laws. "For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). No language in the referenced section "clearly and unequivocally" limits the rights of the parties to remove. Thus, PNC has not waived its right to remove this litigation to federal court.

### C. Conclusion

The Muhls have failed to show a reason why this Court should remand the case. The Court finds that PNC has adequately established the existence of diversity jurisdiction in this case and denies the Muhls' motion to remand.

### III. THE COURT GRANTS PNC'S MOTION TO DISMISS

PNC asks this Court to dismiss this litigation because (1) the Muhls' claims are precluded by this Court's decision in the earlier litigation and (2) to the extent the Muhls allege new facts, they fail to state any viable claims. The Court agrees and dismisses the Muhls' claims.

## A. Standard for Dismissal

When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

A court should grant dismissal under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "With respect to a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not

controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss . . . ." *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952).

### B.  Res Judicata Bars the Muhls' Claims

PNC first argues that the Muhls' claims are barred by res judicata.  Under the principles of res judicata, a plaintiff cannot relitigate claims "that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

Here, the parties in both lawsuits are identical. *Compare Muhl v. PNC Mortgage*, No. 13-CV-4564 (N.D. Tex. removed Nov. 14, 2013) *with Muhl v. PNC Mortgage*, No. 12-CV-3472 (N.D. Tex. removed Aug. 24, 2012).  This Court, which was of competent jurisdiction, rendered a final judgment in the prior action.  *See* Final Judgment, July 29, 2013 [20] in *Muhl*, No. 12-CV-3472.  And the judgment was on the merits.  Order, July 29, 2013 [19] in *Muhl*, No. 12-CV-3472,  *id.*, slip op. 3 (dismissing with prejudice the Muhls' claims under the Texas Deceptive Trade Practices Act because they were not "consumers" under the Act).  Thus, the only remaining issue is whether the same claim or cause of action is involved in both actions.

The Court uses a transactional test to determine whether two suits involve the same cause of action. As the Fifth Circuit has explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage . . . The critical issue is whether the two actions are based on the "same nucleus of operative facts."

*Test Masters*, 428 F.3d at 571 (internal citations omitted).

Here, both actions arise from the same nucleus of operative facts. In both actions, the Muhls complain that PNC violated its obligations under a loan modification agreement by foreclosing on the property. *Compare* Notice of Removal, Ex. A ¶ 2 (Pls.' Nov. 4, 2013 Petition) *with* Notice of Removal, Ex. A [1-4] ¶ 2 in *Muhl*, No. 12-CV-3472 (Pls.' July 27, 2013 Petition). To the extent the Muhls assert a breach of contract claim based on the loan modification and subsequent foreclosure, this argument is barred by res judicata as it arises from precisely the same facts and transaction involved in the earlier action. Any claims arising from the alleged loan modification agreement should have been brought in the earlier lawsuit. The Court therefore dismisses any claims arising from the loan modification agreement.

### C.  The Muhls Fail to State a Claim for Breach of Contract

The only new facts in the Muhls' current complaint are those addressing the previous lawsuit. In particular, the Muhls argue that PNC violated a Rule 11 Agreement signed during

the earlier litigation. The Muhls state that on August 6, 2012, "Defendant signs and files Rule 11 Agreement, which agrees to abate any actions conveyance [sic] of the property until a settlement or Order is signed." *See* Notice of Removal, Ex. A ¶ 2. The Muhls allege that PNC began foreclosure proceedings in October 2013. *Id.*

To the extent the Muhls assert a breach of contract based on the Rule 11 Agreement, the Muhls fail to state a claim. To prove a breach of contract claim under Texas law, the Muhls must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contact by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist.] 2001, no pet.). Even assuming the existence of a valid agreement between the parties, the Muhls have failed to show that PNC breached the agreement. Prior to PNC's commencement of foreclosure proceedings in October 2013, this Court issued an Order dismissing the earlier litigation. Thus, PNC complied with the requirement that they "abate any actions" to convey the property "until a settlement *or Order* [was] signed." Notice of Removal, Ex. A. ¶ 2 (emphasis added). Because the Muhls fail to state a claim upon which relief may be granted, the Court dismisses their claims.[1]

---

[1] The Muhls state in their motion to remand that their complaint in this action asserts claims for violations of the Texas Property Code and wrongful foreclosure related to the foreclosure proceedings following the earlier litigation. *See* Pls.' Mot. Remand 1. These claims are not apparent from the face of the complaint, and the complaint does not allege facts to support them.

## CONCLUSION

For the foregoing reasons, the Court denies remand and grants PNC's motion to dismiss.

Signed March 7, 2014.

_____
David C. Godbey
United States District Judge

---

To the extent the complaint does assert these claims, the Muhls fail to state plausible claims for relief. With respect to their Texas Property Code claim, the Muhls state that PNC provided 30 days notice of the foreclosure sale as required by the code. *See* Notice of Removal, Ex. A ¶ 2; *see also* Tex. Prop. Code § 51.002(b) (debtor must be given at least 21 days notice of foreclosure sale). Further, the Muhls do not allege that PNC has completed the foreclosure sale, which is required to show a wrongful foreclosure. *See Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.) (observing that a required element of a wrongful foreclosure claim is a grossly inadequate selling price).